Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:  (415) 268-2000
Facsimile:   (415) 268-1999
Email:       matt.jaksa@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; and ZOMBA
RECORDING LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>          Plaintiffs,<br><br>     v.<br><br>JOHN DOE,<br>          Defendant. | CASE NO. 4:08-CV-01193-SBA<br><br>**Honorable Saundra B. Armstrong**<br><br>***EX PARTE* APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER** |

*EX PARTE* APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER
CASE NO. 4:08-CV-01193-SBA
#37719 v1

Plaintiffs respectfully request that the Court continue the case management conference currently set for June 4, 2008 at 2:45 p.m. to September 3, 2008. As set forth in greater detail below, Plaintiffs have not yet discovered the true identity of the Doe defendant in this case, and will be unable to do so unless the Court grants Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, filed on February 28, 2008 and entered as Docket No. 4.[1]

1. Plaintiffs have not requested any previous continuances of the case management conference in this matter.

2. Plaintiffs filed the Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on February 28, 2008. Plaintiffs did not have sufficient identifying information to name the defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned by Defendant's Internet Service Provider ("ISP").

3. In order to determine Defendant's true identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on February 28, 2008, seeking the Court's permission to serve a Rule 45 subpoena on the ISP. The Court has not yet ruled on Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery.

4. If the Court grants Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, Plaintiffs will attempt to determine Defendant's identity by serving a Rule 45 subpoena on the ISP seeking identifying information including Defendant's name, address, and telephone number. If Defendant is identified, Plaintiffs will give Defendant written notice of their claim and attempt to contact Defendant and resolve the dispute. If the dispute cannot be resolved, Plaintiffs plan to file a First Amended Complaint naming Defendant individually and then proceed to serve process upon him or her.

---

[1] Plaintiffs' counsel is in receipt of two voicemail messages dated May 18, 2008 and May 22, 2008 from a law clerk for the Honorable Saundra B. Armstrong regarding a similar action to this one (Case No. C 08 1038) requesting that certain supplemental materials be filed in support of Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery pending in that case. In anticipation that the Court will require similar supplemental materials in support of the *Ex Parte* Application for Leave to Take Immediate Discovery in the instant action, Plaintiffs are in the process of preparing those materials for the Court.

1

*EX PARTE* APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER
CASE NO. 4:08-CV-01193-SBA
#37719 v1

5.  However, unless the Court grants Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, Plaintiffs cannot identify the Doe defendant, initiate settlement talks, or file an amended complaint and begin service attempts.

6.  Plaintiffs anticipate that a continuance of at least 90 days will be necessary to complete the discovery process aimed at determining John Doe's true identity, attempt resolution of the dispute, and – if necessary – amend the complaint to name the defendant individually and serve process on him or her.  Unlike a traditional case in which the identity of the defendant is known and efforts to resolve the dispute can begin prior to filing the suit (and efforts to serve process can begin immediately after) in this case Plaintiffs must first obtain the identity of the Doe defendant through a subpoena to the ISP.  Thus, while the Complaint in this matter was filed on February 28, 2008, Plaintiffs have been unable to move this case forward absent an Order for Leave to Take Immediate Discovery.

7.  Given the foregoing circumstances, and because there is no known defendant with whom to confer, Plaintiffs respectfully request that the Court continue the case management conference currently set for June 4, 2008 at 2:45 p.m. to September 3, 2008, or such other date as conveniences the Court.

Dated:  May 23, 2008                                  HOLME ROBERTS & OWEN LLP


By:  _____*/s/ Matthew Franklin Jaksa*___
       MATTHEW FRANKLIN JAKSA
       Attorney for Plaintiffs

2

*EX PARTE* APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND [PROPOSED] ORDER
CASE NO. 4:08-CV-01193-SBA
#37719 v1

1
2
## [PROPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for June 4, 2008 at 2:45 p.m. be continued to September 3, 2008.

Dated: _____      By: _____
                                            Honorable Saundra B. Armstrong
                                            United States District Judge