Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:  (415) 268-2000
Facsimile:  (415) 268-1999
Email:  matt.jaksa@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; and ZOMBA RECORDING LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN DOE,<br><br>　　　　　　　　Defendant. | CASE NO. 4:08-CV-01193-SBA<br><br>**[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY [Docket No. 4]** |

Having reviewed Plaintiffs' Memorandum of Law, *Ex Parte* Application For Leave to Take Immediate Discovery and accompanying submissions, and good cause appearing therefore, the Court orders as follows:  Plaintiffs' *Ex Parte* Application For Leave to Take Immediate Discovery is GRANTED.

### I. Background

Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant John Doe, who is being sued for direct copyright infringement.  Without such discovery, Plaintiffs cannot identify Defendant John Doe and thus cannot pursue their lawsuit to protect their copyrighted works from repetitive, rampant infringement.

As alleged in the complaint, Defendant John Doe, without authorization, used an online media distribution system (*e.g.*, a peer-to-peer or "P2P" system) to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public.  See Declaration of Carlos Linares ("Linares Decl."), ¶ 18.  Although Plaintiffs do not know the true name of Defendant John Doe, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and at the time of Defendant's infringing activity.  Id.  Additionally, Plaintiffs have gathered evidence of the infringing activities.  Id. ¶¶ 14-15, 19.  Plaintiffs have downloaded a sample of several of the sound recordings Defendant illegally distributed and have evidence of every file (numbering in the hundreds) that Defendant illegally distributed to the public.  Id.

Plaintiffs have identified the ISP that provided Internet access to Defendant by using a publicly available database to trace the IP address for Defendant.  Id. ¶¶ 12, 18.  Here, the ISP is University of California, Berkeley ("UC Berkeley").  Id.  When given a Defendant's IP address and the date and time of infringement, an ISP quickly and easily can identify the name and address of a Doe Defendant (*i.e.,* the ISP's subscriber) because that information is contained in the ISP's

1

[Proposed] Order Granting Ex Parte Application for Leave to Take Immediate Discovery
Case No. 4:08-cv-01193-SBA
#37942 v1

subscriber activity log files. Id. ¶ 16.[1] ISPs typically keep log files of subscriber activities for only limited periods of time – which can range from as short as a few days, to a few months – before erasing the data. Id. ¶ 24.

Plaintiffs now seek leave of the Court to serve limited, immediate discovery on UC Berkeley to identify the Defendant. Plaintiffs intend to serve a Rule 45 subpoena on UC Berkeley seeking documents, including electronically-stored information, sufficient to identify the Defendant's true name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses. Without the ability to obtain the Defendant's identifying information, Plaintiffs may never be able to pursue their lawsuit to protect their copyrighted works from repeated infringement. Id. ¶ 24.

**II.   Legal Standard**

Courts, including this circuit, routinely allow discovery to identify "Doe" defendants. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (vacating dismissal; *pro se* plaintiff should have been permitted to conduct discovery to reveal identity of the defendant); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) (error to deny the plaintiff's motion to join John Doe defendant where identity of John Doe could have been determined through discovery); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (error to dismiss claim merely because the defendant was unnamed; "Rather than dismissing the claim, the court should have ordered disclosure of the Officer Doe's identity"); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980) (where "party is ignorant of defendants' true identity . . . . plaintiff should have been permitted to obtain their identity through limited discovery"). Additionally, in their moving papers, Plaintiffs attach copies of orders granting leave for expedited discovery in similar copyright

---

[1] ISPs own or are assigned certain blocks or ranges of IP addresses. A subscriber gains access to the Internet through an ISP after setting up an account with the ISP. An ISP then assigns a particular IP address in its block or range to the subscriber when that subscriber goes "online." After reviewing the subscriber activity logs (which contain the assigned IP addresses), an ISP can identify its subscribers by name. Linares Decl., ¶ 16.

2

[Proposed] Order Granting Ex Parte Application for Leave to Take Immediate Discovery
Case No. 4:08-cv-01193-SBA
#37942 v1

1  infringement cases brought by Plaintiffs, and/or other record companies, against Doe defendants in
2  this and other districts.  See Plaintiffs' Memorandum of Law, Exh. A.
3       Although a Rule 26(f) conference is ordinarily a prerequisite to propounding discovery,
4  courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where
5  "good cause" is shown.  See, e.g., Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-
6  76 (N.D. Cal. 2002).  Moreover, Rule 26(b) provides courts with "broad discretion in structuring
7  discovery."  See Hussein v. Nicholson, 435 F.3d 359, 363 (D.C. Cir. 2006) (quoting from Edmond v.
8  U.S. Postal Serv. Gen. Counsel, 949 F.2d 415, 425 (D.C. Cir. 1991); see also, Beale v. District of
9  Columbia, 2008 U.S. Dist. LEXIS 25837, *16 (D.D.C., March 18, 2008); Beecham v. Socialist
10 People's Libyan Arab Jamahiriya, 2007 U.S. Dist. LEXIS 60625, *2 (D.D.C., August 20, 2007);
11 Dimension Data N. Am., Inc. v. NetStar-1, Inc., 2005 U.S. Dist. LEXIS 1785, *6 (E.D.N.C.,
12 February 2, 2005).

**III.   Analysis**

14 Good cause for expedited discovery exists where, as here, the complaint alleges claims of
15 infringement.  See Interscope Records v. Does 1-14, No. 5:07-4107-RDR, 2007 U.S. Dist. LEXIS
16 73627, *3 (D. Kan. Oct. 1, 2007) (citations omitted) ("Good cause can exist in cases involving
17 claims of infringement and unfair competition); Energetics Sys. Corp., 1996 U.S. Dist. LEXIS 2830
18 at *5-6 (good cause standard satisfied where the moving party had asserted claims of infringement);
19 see also Semitool, 208 F.R.D. at 276; Benham Jewelry Corp. v. Aron Basha Corp., No. 97 CIV
20 3841, 1997 WL 639037, at *20 (S.D.N.Y. Oct. 14, 1997).  This is not surprising, since such claims
21 necessarily involve irreparable harm to the plaintiff.  4 Melville B. Nimmer & David Nimmer,
22 Nimmer On Copyright § 14.06[A], at 14-103 (2003); see also Taylor Corp. v. Four Seasons
23 Greetings, LLC, 315 F.3d 1034, 1042 (8th Cir. 2003); Health Ins. Ass'n of Am. v. Novelli, 211 F.
24 Supp. 2d 23, 28 (D.D.C. 2002) ("A copyright holder [is] presumed to suffer irreparable harm as a
25 matter of law when his right to the exclusive use of copyrighted material is invaded.") (quotations
26 and citations omitted); ABKCO Music, Inc. v. Stellar Records, Inc., 96 F.3d 60, 66 (2d Cir. 1996).
27      Second, good cause exists here because there is a danger the ISP will not long preserve the
28 information that Plaintiffs seek.  As discussed above, ISPs typically retain user activity logs

3

[Proposed] Order Granting Ex Parte Application for Leave to Take Immediate Discovery
Case No. 4:08-cv-01193-SBA
#37942 v1

containing the information sought for only a limited period of time before erasing the data. Linares Decl., ¶ 24. If that information is erased or overwritten, Plaintiffs will have no ability to identify the Defendant, and thus will be unable to pursue their lawsuit to protect their copyrighted works. Id. Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for expedited discovery exists. Interscope Records, 2007 U.S. Dist. LEXIS 73627 at *3 (citation omitted); see also Metal Bldg. Components, L.P. v. Caperton, CIV-04-1256 MV/DJS, 2004 U.S. Dist. LEXIS 28854, *10-11 (D.N.M. April 2, 2004) ("Good cause is frequently found . . . when physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation.") (citation omitted); Pod-Ners, LLC v. Northern Feed & Bean, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing the plaintiff expedited discovery to inspect "beans" in the defendant's possession because the beans might no longer be available for inspection if discovery proceeded in the normal course).

Third, good cause exists because the narrowly tailored discovery requests do not exceed the minimum information required to advance this lawsuit and will not prejudice the Defendant. See Semitool, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."). Plaintiffs seek immediate discovery to identify the Defendant; information that may be erased very soon. Plaintiffs (who continue to be harmed by Defendant's copyright infringement, Linares Decl., ¶ 9), cannot wait until after the Rule 26(f) conference (ordinarily a prerequisite before propounding discovery) because there are no known defendants with whom to confer (and thus, no conference is possible). There is no prejudice to the Defendant because Plaintiffs merely seek information to identify the Defendant and to serve him or her, and Plaintiffs agree to use the information disclosed pursuant to their subpoenas only for the purpose of protecting their rights under the copyright laws. See Metal Bldg. Components, L.P., 2004 U.S. Dist. LEXIS 28854 at *12 (where "the requested discovery is relevant and will be produced in the normal course of discovery," the court was "unable to discern any prejudice or hardship to Defendant" if discovery is conducted "on an expedited basis.").

4

[Proposed] Order Granting Ex Parte Application for Leave to Take Immediate Discovery
Case No. 4:08-cv-01193-SBA
#37942 v1

Fourth, courts may grant expedited discovery where such discovery will "substantially contribute to moving th[e] case forward." Semitool, 208 F.R.D. at 277. Here, the present lawsuit cannot proceed without the limited, immediate discovery Plaintiffs seek because there is no other information Plaintiffs can obtain about the Defendant without discovery from the ISP. As shown by the Declaration of Carlos Linares, Plaintiffs already have developed a substantial case on the merits against Defendant. Plaintiffs' complaint alleges a *prima facie* claim for direct copyright infringement. Plaintiffs have alleged that they own and have registered the copyrights in the works at issue and that the Defendant copied or distributed those copyrighted works without Plaintiffs' authorization. See Complaint, ¶¶ 8-10. These allegations state a claim of copyright infringement. Nimmer On Copyright § 31.01, at 31-3 to 31-7; Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). In addition, Plaintiffs have copies of a sample of several of the sound recordings that the Defendant illegally distributed to the public and have evidence of every file that the Defendant illegally distributed to the public. See Complaint, Exh. A; Linares Decl., ¶¶ 18-19. These more complete lists show hundreds of files, many of them sound recordings (MP3 files) that are owned by, or exclusively licensed to, Plaintiffs. See Linares Decl., ¶ 19. Plaintiffs believe that virtually all of the sound recordings have been downloaded and/or distributed to the public without permission or consent of the respective copyright holders. Id. Absent limited, immediate discovery, Plaintiffs will be unable to obtain redress for any of this infringement.

Because Plaintiffs do not yet know Defendant's true identity or contact information, they are unable to provide notice to Defendant of their *Ex Parte* Application For Leave to Take Immediate Discovery. See Declaration of Katheryn J. Coggon, ¶¶ 2-3. While Plaintiffs were able to obtain certain information about Defendant by accessing an online media distribution system, including an IP address and a list of files being distributed to other users of the system, the system does not include functionalities that would allow Plaintiffs to transmit notice to Defendant. See id., ¶¶ 4-7. Under such circumstances, the Court finds that the *ex parte* relief sought by Plaintiffs is reasonable and appropriate. As set forth below, Defendant will be provided notice of the subpoena authorized by this Order, and will have an opportunity to file a motion to quash before his or her information is produced by UC Berkeley.

5

Lastly, UC Berkeley is authorized to respond to the subpoena pursuant to the Family Educational Rights and Privacy Act, 20 U.S.C. 1232g ("FERPA"). FERPA specifically provides that a federally funded educational institution can disclose personally identifiable information pursuant to a court order or lawfully issued subpoena with advance notice to the affected student and parents. See 20 U.S.C. § 1232g(b)(2)(B); see also 34 C.F.R. § 99.31(a)(9)(i) ("An educational agency or institution may disclose personally identifiable information from an education record of a student without . . . consent . . . if the disclosure meets one or more of the following conditions: . . . The disclosure is to comply with a judicial order or lawfully issued subpoena. . . . if the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action . . ."). Personally identifiable information includes, but is not limited to the student's name, the address of the student or student's family, a personal identifier, such as the student's social security number or student number, and a list of personal characteristics or other information that would make the student's identity easily traceable. 34 C.F.R. § 99.3. Thus, UC Berkeley is authorized to disclose the requested information in response to a valid subpoena or court order, provided the university notifies the Defendant of the subpoena prior to complying with it. Here, Plaintiffs seek to serve on the university a lawfully-issued subpoena pursuant to Fed. R. Civ. Pro. 45. UC Berkeley can provide the requisite notice to Defendant prior to complying with the subpoena, and are hereby ordered to do so.

Accordingly, pursuant to the Court's broad authority to structure discovery, Hussein v. Nicholson, 435 F.3d at 363, the Court orders that Plaintiffs may conduct limited, expedited discovery as set forth below. Postponing the limited discovery sought by Plaintiffs until a Rule 26(f) conference has been held is not an option because, without disclosure of Defendant's name and contact information, there is no known defendant with whom to confer and the litigation cannot proceed to that stage.

6

[Proposed] Order Granting Ex Parte Application for Leave to Take Immediate Discovery
Case No. 4:08-cv-01193-SBA
#37942 v1

### V.  Conclusion

Because there is good cause for permitting the limited discovery sought by Plaintiffs in advance of a Rule 26(f) conference, Plaintiffs' *Ex Parte* Application For Leave to Take Immediate Discovery is GRANTED. Accordingly, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on University of California, Berkeley to obtain the identity of Defendant John Doe by serving a Rule 45 subpoena that seeks documents that identify Defendant John Doe, including the name, current (and permanent) address and telephone number, e-mail address, and Media Access Control addresses for Defendant. The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B).

IT IS FURTHER ORDERED THAT, pursuant to 20 U.S.C. § 1232g(b)(2)(B), University of California, Berkeley shall give notice to the subscriber whose identity is requested in the subpoena. If the John Doe defendant wishes to move to quash the subpoena, he or she shall do so before the return date of the subpoena.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _____        By: _____
                                          Honorable. Saundra Brown Armstrong
                                          United States District Judge