Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:  (415) 268-2000
Facsimile:   (415) 268-1999
Email:         dawniell.zavala@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; and ZOMBA
RECORDING LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN DOE,<br>　　　　　　Defendant. | CASE NO. 4:08-CV-01193-SBA<br><br>**Honorable Saundra B. Armstrong**<br><br>*EX PARTE* **APPLICATION TO EXTEND TIME TO SERVE DEFENDANT WITH PROCESS AND [PROPOSED] ORDER** |

1       Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), that Plaintiffs' time to serve the Summons and Complaint on Defendant be extended 90 days. As set forth in greater detail below, the Court has not yet issued an order on Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, filed on February 28, 2008, and entered as Docket No. 4. Unless and until the Court issues an order allowing Plaintiffs to take the discovery sought therein, Plaintiffs will be unable to discover the true identity of the Doe defendant in this case, and will be unable to effectuate service of process or otherwise advance this case.

    1.  Plaintiffs filed the Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on February 28, 2008. Plaintiffs did not have sufficient identifying information to name the defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned by Defendant's Internet Service Provider – here, University of California, Berkeley ("UCB").

    2.  In order to determine Defendant's true identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on February 28, 2008, seeking the Court's permission to serve a Rule 45 subpoena on UCB. The Court has not yet ruled on Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery.

    3.  If the Court grants Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, Plaintiffs will attempt to determine Defendant's true identity by serving a Rule 45 subpoena on UCB seeking identifying information including Defendant's name, address, and telephone number.

    4.  If UCB is able to identify Defendant, Plaintiffs will give Defendant written notice of their claim and attempt to contact Defendant and resolve the dispute. If the dispute cannot be resolved, Plaintiffs plan to file a First Amended Complaint naming Defendant individually and then proceed to serve process upon him or her.

    5.  However, unless the Court grants Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, Plaintiffs cannot identify the Doe defendant, initiate settlement talks, or name Defendant individually and begin service attempts.

1      6.      The current deadline for service of process in this case is June 27, 2008.  Plaintiffs
2 have not requested, and the Court has not granted, any previous extensions of the service deadline.
3 On May 29, 2008, the Court issued an Order granting Plaintiffs' request for an additional 90-day
4 continuance of the case management conference.

5      7.      Plaintiffs' submit that the circumstances of this case constitute "good cause" under
6 Rule 4(m) for an additional extension of time for service.  *See Matasareanu v. Williams*, 183 F.R.D.
7 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions).  Unlike a
8 traditional case in which the defendant is known by name and efforts to serve can begin immediately
9 after filing the complaint, in this case Plaintiffs first must obtain the identity of the defendant
10 through the subpoena to UCB, a process which cannot be completed unless and until the Court
11 grants Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery.  This Court has
12 discretion to enlarge the time to serve even where there is no good cause shown.  *Henderson v.*
13 *United States*, 517 U.S. 654, 658 n. 5 (1996).

14      8.      Therefore, Plaintiffs respectfully request that the time to serve the Summons and
15 Complaint on Defendant be extended 90 days to September 25, 2008.

17 Dated:  June 26, 2008                              HOLME ROBERTS & OWEN LLP

19                                                    By:  _____/s/ Dawniell Alise Zavala___
20                                                         DAWNIELL ALISE ZAVALA
                                                          Attorney for Plaintiffs

# [PROPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED**, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), that Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to September 25, 2008.

Dated: _____     By: _____
                                                               Honorable Saundra B. Armstrong
                                                               United States District Judge