Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: dawniell.zavala@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; and ZOMBA
RECORDING LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>                    Plaintiffs,<br><br>    v.<br><br>JOHN DOE,<br><br>                    Defendant. | CASE NO. 4:08-cv-01193-SBA<br><br>**Honorable Saundra Brown Armstrong**<br><br>SUPPLEMENTAL DECLARATION OF DAWNIELL ALISE ZAVALA IN FURTHER SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY [Docket No. 4] AND IN RESPONSE TO ORDER FILED JULY 3, 2008 [Docket No. 14] |

# DECLARATION OF DAWNIELL ALISE ZAVALA

I, Dawniell Alise Zavala, declare:

1. I am an attorney in the law firm of Holme Roberts & Owen LLP ("HRO"). HRO serves as lead national counsel for Plaintiffs in this and all similar actions. I have personal knowledge of all facts set forth in this declaration, except as where stated on information and belief. As to such facts, I believe them to be true.

2. Pending before the Court is Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery filed on February 28, 2008 and entered as Docket No. 4.

3. On information and belief, an individual identifying himself as a law clerk for the Honorable Saundra Brown Armstrong left voicemail messages on May 18, and May 22, 2008 for Matthew Franklin Jaksa, an attorney at HRO. These messages pertained to a similar action before the Court (Case No. C 08 1038) requesting that certain supplemental materials be filed in support of Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery pending in that case. Per the clerk's messages, the Court requested Plaintiffs to: (1) submit to the Court the list of files Defendant made available for distribution to the public as referenced in Plaintiffs' moving papers; (2) explain why Plaintiffs were unable to notice a hearing on their *Ex Parte* Application For Leave to Take Immediate Discovery, as by uploading a file to the Doe defendant's computer through the "peer-to-peer" ("P2P") file sharing network that Plaintiffs allege was used to infringe Plaintiffs' copyrights; and (3) submit a proposed order in the format described in Judge Armstrong's Standing Order for Civil Cases that addresses the notice issue.

4. In anticipation that the Court would require similar supplemental materials in support of the *Ex Parte* Application for Leave to Take Immediate Discovery in the instant action, on June 4, 2008, Plaintiffs filed two supplemental declarations, one of Matthew Franklin Jaksa and one of Katheryn J. Coggon, both attorneys at HRO. Plaintiffs also submitted a copy of the list of files Defendant made available to the public, and a reformatted proposed order as directed by Judge Armstrong's law clerk in the similar action, C 08 1038.

5. On July 3, 2008, the Court issued an order in the instant action directing Plaintiffs to determine the following: (1) whether the information sought by subpoena in this matter is still

1

available from the Internet Service Provider ("ISP") (here, UC Berkeley); and (2) whether the ISP would provide this information to Plaintiffs without a subpoena.

6. On July 7, 2008, I personally contacted UC Berkeley via email and telephone voice message to determine whether it still had information available for the individual associated with the IP address 169.229.97.232 2007-11-09 02:14:09 EST, and if so, whether UC Berkeley would provide this information to Plaintiffs without a subpoena.

7. On July 8, 2008, I spoke via telephone with Jahlee Arakaki, paralegal to Campus Counsel at UC Berkeley. Ms. Arakaki responded to my inquiries, stating she had spoken to an attorney at UC Berkeley, that (1) UC Berkeley still has information associated with the infringing IP address at issue, and that (2) UC Berkeley will not provide this information without a subpoena. Attached as **Exhibit A** is a true and correct copy of the email I sent to Ms. Arakaki on July 8, 2008 confirming this conversation. Ms. Arakaki did not respond with any corrections or additions to this email.

8. As a result of my communication with Ms. Arakaki, Plaintiffs will not be able to discover the identity of the individual associated with the infringing IP address 169.229.97.232 2007-11-09 02:14:09 EST unless and until the Court grants Plaintiffs' *Ex Parte* Application For Leave to Take Immediate Discovery and authorizes Plaintiffs to serve a Rule 45 subpoena on Defendant's ISP.

9. Once the subpoena is served upon the ISP, Defendant will have an opportunity to object before his or her information is released pursuant to the subpoena. Plaintiffs will serve a cover letter along with their subpoena that asks the ISP to notify the user of the pending subpoena so that the user can move to quash the subpoena or contact Plaintiffs directly to attempt to resolve the matter prior to the return date on the subpoena. In addition, a properly framed court order, such as the proposed order filed on June 4, 2008, would ensure that Defendant has the opportunity to object before the return date on the subpoena.

///

///

///

1  I declare under penalty of perjury under the laws of the United States of America that the foregoing
2  is true and correct.
3      Executed this 21st day of July, 2008, at San Francisco, California.

_____
Dawniell Alise Zavala

# EXHIBIT A

# Dawniell Zavala

| | |
|---|---|
| **From:** | Dawniell Zavala |
| **Sent:** | Tuesday, July 08, 2008 2:22 PM |
| **To:** | 'jarakaki@berkeley.edu' |
| **Subject:** | UCB Doe #2 Filed 02/28/2008; N.D. Cal. Case No. C 08-01193-SBA |

Dear Ms. Arakaki,

This email is to confirm, per our conversation earlier today, that (1) UC Berkeley still has identifying information available for ISP # 169.229.97.232 2007-11-09 02:14:09 EST, but that (2) UC Berkeley will **not** provide our office with this information without a subpoena.

Please contact me immediately if I have in any way misstated UC Berkeley's position on these two issues, and please do not hesitate to contact me should you have any questions or concerns.

Thank you very much for your time and prompt reply in this matter.

Sincerely,
**Dawniell Zavala**
Litigation Associate
Holme Roberts & Owen LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:    415.268.1948
Facsimile:    415.268.1999
dawniell.zavala@hro.com

1