1
2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

3

4

5

UMG RECORDINGS, INC., a Delaware
corporation; and ZOMBA RECORDING
LLC, a Delaware limited liability
company,

No.  C 08-1193 SBA

**ORDER**

6

                    Plaintiffs,

[Docket No. 4]

7

  v.

8

JOHN DOE,

9

                    Defendant.

10

11

**REQUEST BEFORE THE COURT**

12

        Before the Court is plaintiffs' Motion for Leave to Take Immediate Discovery (the

13

"Motion") [Docket No. 4], Declaration of Carlos Linares ("Linares" Decl.") [Docket No. 6],

14

Supplemental Declaration of Matthew Franklin Jaksa ("Jaksa Decl.") [Docket No. 10],

15

Supplemental Declaration of Katheryn J. Coggon ("Coggon Decl.") [Docket No. 11], and

16

Supplemental Declaration of Dawniell Alise Zavala ("Zavala Decl.") [Docket No. 15].  Plaintiffs are

17

record companies and copyright holders that seek leave to issue a subpoena to the University of

18

California, Berkeley (UCB), under Federal Rule of Civil Procedure 45, to identify defendant prior to

19

a conference under Federal Rule of Civil Procedure 26(f).  The Court finds this matter suitable for

20

disposition without a hearing, and for the reasons discussed below, GRANTS the Motion with

21

modifications.

22

**BACKGROUND**

23

        The Internet and peer-to-peer (P2P) networks[1] have spawned an illegal trade in copyrighted

24

25

26

27

28

[1]     P2P networks allow Internet computer users to share exact copies of computer files. Linares
Decl. ¶ 7; Coggins Decl.  In the more popular types of networks, a "uploader" logs onto a P2P
network, and makes certain files on their computer available for copying to a "downloader." *Id.* In
turn, a "downloader" logs onto a P2P network and enters search commands, generally looking for a
certain file or type of file. *Id.*  For music file searches, a downloader might search by a musical
group's name or a musical piece's title. *Id.*  If the specific file sought has been made available for
copying by uploaders on the P2P network, the downloader will obtain a search result identifying by
code name which uploaders have that file. Linares Decl. ¶¶ 7,10; Coggins Decl.  The downloader

1   works.  *See MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 923 (U.S. 2005).  By downloading

2   P2P software, and logging onto a P2P network, an individual may upload (distribute) or download

3   (copy), without authorization, countless copyrighted music and video files to or from any other P2P

4   network user worldwide.  *See id.* at 920 (detailing how infringers download copyrighted works);

5   *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001) (stating infringers use P2P

6   networks to copy and distribute copyrighted works); *Universal City Studios, Inc. v. Reimerdes*, 111

7   F.Supp.2d 294, 331 (S.D.N.Y.), *aff'd sub nom.*, *Universal City Studios, Inc. v. Corley*, 273 F.3d 429

8   (2d Cir. 2001) (describing a viral system, in which the number of infringing copies made available

9   multiplies rapidly as each user copying a file also becomes a distributor of that file).  Until enjoined,

10  Napster was a "notorious" online media distribution system.  *Grokster*, 545 U.S. at 924.

11  Notwithstanding the *Napster* decision, similar online media distribution systems emerged that have

12  attempted to capitalize on the growing illegal market that Napster fostered.  Linares Decl. ¶ 6.

13  These include Ares, KaZaA, eDonkey, BitTorrent, DirectConnect, and Gnutella, among others.  *Id.*

14  Despite the continued availability of such systems, there is no dispute the uploading and

15  downloading of copyrighted works without authorization is copyright infringement.  *Napster*, 239

16  F.3d at 1014-15; *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied sub*

17  *nom.*, *Deep v. Recording Indus. Ass'n of Am., Inc.*, 540 U.S. 1107 (2004), *leave to file for rehearing*

18  *denied*, 543 U.S. 1180 (2005).  Nonetheless, at any given moment, millions of people illegally use

19  online media distribution systems to upload or download copyrighted material.  Linares Decl. ¶ 6.

20  In fact, more than 2.6 billion infringing music files are downloaded monthly.  L. Grossman, *It's All*

21  *Free!*, Time, May 5, 2003, at 60, 60.

22       The propagation of illegal digital copies over the Internet significantly harms copyright

23  owners, and has had a particularly devastating impact on the music industry.  Linares Decl. ¶ 9.  The

24  member companies of the Recording Industry Association of America., Inc. (RIAA) lose significant

25  revenues on an annual basis due to the millions of unauthorized downloads and uploads of well-

26  known recordings distributed on P2P networks.  *Id.*

27  ───────────────

28  then selects one of the uploaders from the search results, and downloads a copy of that file to their
    computer.  *Id.*

2

1          In this case, plaintiffs are record companies who own the copyrights in the most popular

2    sound recordings in the United States.  Docket No. 5 at 1:2-3 (Mem. in Supp. of the Mot. ("Mem.")).

3    In their Motion, they seek leave of the Court to serve limited, immediate discovery on a third party

4    Internet Service Provider ("ISP") to determine the true identity of defendant John Doe, whom they

5    are suing for direct copyright infringement.  Without such discovery, they cannot identify defendant,

6    and thus cannot pursue their lawsuit to protect their copyrighted works from repetitive, rampant

7    infringement.

8          Plaintiffs allege defendant, without authorization, used a P2P system to download plaintiffs'

9    copyrighted works and/or to distribute them to the public.  Linares Decl. ¶ 18.  Although plaintiffs

10   do not know defendant's identity, they have identified defendant by a unique Internet Protocol

11   ("IP") address assigned to defendant on the date and at the time of the infringing activity.  *Id.*

12   Additionally, plaintiffs have gathered evidence of the infringing activities.  *Id.* ¶¶ 14-15, 19.

13   Plaintiffs have downloaded a sample of several of the sound recordings defendant illegally

14   distributed and have evidence of every file, numbering in the hundreds, that defendant illegally

15   distributed to the public.  *Id.*

16         Plaintiffs have identified the ISP that provided Internet access to defendant by using a

17   publicly available database to trace the IP address for Defendant.  *Id.* ¶¶ 12, 18.  Here, the ISP is

18   UCB.  *Id.*  ISPs own or are assigned certain blocks or ranges of IP addresses.  *Id.* ¶ 16.  A subscriber

19   gains access to the Internet through an ISP after setting up an account with the ISP.  *Id.*  An ISP then

20   assigns a particular IP address in its block or range to the subscriber when that subscriber goes

21   "online."  *Id.*  After reviewing the subscriber activity logs, which contain the assigned IP addresses,

22   an ISP can identify its subscribers by name.  *Id.*  Thus, when an ISP is given a defendant's IP

23   address and the date and time of infringement, it quickly and easily can identify the name and

24   address of a Doe defendant, i.e., the ISP's subscriber, because that information is contained in the

25   ISP's subscriber activity log files.  *Id.*

26         Plaintiffs have no ability to determine a defendant's true name other than by seeking the

27   information from the ISP.  *Id.* ¶¶ 10, 16.  Plaintiffs' experience, however, is ISPs typically keep log

28   files of subscriber activities for only limited periods of time - which can range from as short as a few

1    days, to a few months - before erasing the data. *Id.* ¶ 24. Nonetheless, plaintiffs alert the ISP to the

2    existence of the copyright claims shortly after identifying the infringing activity and ask the ISP to

3    maintain the log files.

4         Plaintiffs now seek leave of the Court to serve limited, immediate discovery on UCB to

5    identify defendant. Plaintiffs intend to serve a Rule 45 subpoena on UCB seeking documents,

6    including electronically-stored information, sufficient to identify defendant's true name, current and

7    permanent addresses and telephone numbers, e-mail addresses, and Media Access Control ("MAC")

8    addresses. If UCB cannot link the IP address listed in the subpoena to a specific individual,

9    plaintiffs seek all documents and electronically-stored information relating to the assignment of that

10   IP address at the date and time the IP address was used to infringe plaintiffs' copyrighted sound

11   recordings. Without the ability to obtain defendant's identifying information, plaintiffs are unable to

12   pursue their lawsuit to protect their copyrighted works from repeated infringement. Lenares Decl. ¶

13   24. Moreover, the infringement may be ongoing such that immediate relief is necessary. Thus,

14   plaintiffs assert the need for the immediate, limited discovery is critical.

15        Upon receiving plaintiffs' Motion, the Court was concerned for two independent reasons that

16   plaintiffs were attempting to invoke its authority unnecessarily. First, the Court was uncertain UCB

17   would even require a subpoena for the sought-after information, where plaintiffs had never simply

18   asked UCB to produce it without one. Second, the Court was uncertain UCB still had the sought-

19   after information preserved or intact, given more than a year has passed between the events giving

20   rise to the Motion and the Court's analysis of the Motion. Thus, on July 3, 2008, the Court held the

21   Motion in abeyance for 21 days so plaintiffs could meet and confer with UCB on these two issues.

22   *See* Docket No. 14. On July 21, 2008, plaintiffs declared they had met and conferred with UCB, and

23   its counsel had stated UCB still had the sought-after information but would not produce it without a

24   subpoena. Zavala Decl. ¶ 7.

25                                  **LEGAL STANDARD**

26        Federal Rule of Civil Procedure 26(d) states, "A party may not seek discovery from any

27   source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted

28   from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or

1  by court order." Here, no Rule 26(a)(1)(B) exception or rule applies, nor can plaintiffs obtain a

2

3  stipulation from an unknown Doe defendant. Thus, they may only use expedited discovery by court

4  order.

5      In fashioning discovery orders under Rule 26(d), the district courts wield broad discretion, as

6  they do when managing any aspect of discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598

7  (1998); *Laub v. U.S. Dep't. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *Blackburn v. U.S.*, 100

8  F.3d 1426, 1436 (9th Cir. 1996); *Watts v. S.E.C.*, 482 F.3d 501, 507 (D.C. Cir. 2007); *Hussain v.*

9  *Nicholson*, 435 F.3d 359, 363 (D.C. Cir. 2006); *Carefirst of Md., Inc. v. Carefirst Pregnancy*

10 *Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir.

11 1991).

12      In the Ninth Circuit, courts use the "good cause" standard to determine whether discovery

13 should be allowed to proceed prior to a Rule 26(f) conference. Good cause may be found where the

14 need for expedited discovery, in consideration of the administration of justice, outweighs the

15 prejudice to the responding party. *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F.Supp.2d

16 1160, 1179 (C.D. Cal. Mar. 28, 2008); *Noble v. Kiewit Pac. Co.*, No. C 08-00666 SI, slip copy, 2008

17 WL 413754, *1 (N.D. Cal. Feb. 13, 2008); *Cartwright v. Viking Industries, Inc.*, No. 207-CV-02159

18 FCD EFB, --- F.R.D. ----, 2008 WL 413271, *3 (E.D. Cal. Feb. 12, 2008); *Arista Records LLC v.*

19 *Does 1-43*, No. 07 CV 2357 LAB POR, slip op., 2007 WL 4538697, *1 (S.D. Cal. Dec. 20, 2007);

20 *Invitrogen Corp. v. President and Fellows of Harvard Coll.*, No. CIV07CV0878JLSPOR, 2007 WL

21 2915058, *2 (S.D. Cal. Oct. 4, 2007) (unreported); *Capitol Records, Inc. v. Doe*, No. CIV.

22 07CV1570JMPOR, 2007 WL 2429830, *1 (S.D. Cal. Aug. 24, 2007) (unreported); *Evans v.*

23 *Unknown Names of Dep't of Corr. Officers*, No. C03-05420 RMW H.L., 2007 WL 30597, *2 (N.D.

24 Cal. Jan. 3, 2007) (unreported); *UMG Recordings, Inc. v. Does 1-4*, No. 06-0652 SBA EMC, 2006

25 WL 1343597, *1 (N.D. Cal. Mar. 6, 2006) (unreported); *Magellan Group Inv., LLC v. First*

26 *Indigenous Depository Co., LLC*, No. C 05-01994 JSW, 2005 WL 1629940, *2 (N.D. Cal. Jul 8,

27 2005) (unreported); *Semitool, Inc. v. Tokyo Electron Am, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal.

28 2002); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001);

1  *UMG Recordings, Inc. v. Doe*, 2008 WL 2949427 (N.D.Cal. 2008) (unreported).

2         In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45

3  subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff

4  makes a prima facie showing of infringement, there is no other way to identify the Doe defendant,

5  and there is a risk an ISP will destroy its logs prior to the conference.  *Arista*, 2007 WL 4538697

6  at *1; *Capitol*, 2007 WL 2429830 at *1; *UMG*, 2006 WL 1343597 at *1.  This is because, in

7  considering "the administration of justice," early discovery avoids ongoing, continuous harm to the

8  infringed party and there is no other way to advance the litigation.  *See id.*  As for the defendant,

9  there is no prejudice where the discovery request is narrowly tailored to only seek their identity.

10 *Arista*, 2007 WL 4538697 at *1; *Capitol*, 2007 WL 2429830 at *1; *UMG*, 2006 WL 1343597 at *3.

11 Thus, Courts routinely find the balance favors granting a plaintiff leave to take early discovery.

12 *Arista*, 2007 WL 4538697 at *1; *Capitol*, 2007 WL 2429830 at *1; *UMG*, 2006 WL 1343597 at *1;

13 *see also*[2] *Arista Records LLC v. Does 1-16*, No. 07-1641 LKK EFB (E.D. Ca1. Aug. 23, 2007); *Sony*

14 *BMG Music Entm't v. Does 1-16*, No. 07-cv-00581 BTM AJB (S.D. Cal. Apr. 19, 2007); *UMG*

15 *Recordings, Inc. v. Does 1-2*, No. CV04-0960 RSL (W.D. Wash. May 14, 2004); *Loud Records,*

16 *LLC v. Does 1-5*, No. CV 04 0134 RHW (E.D. Wash. May 10, 2004); *London-Sire Records, Inc. v.*

17 *Does 1-4*, No. CV 04-1962 ABC AJWx (C.D. Cal. Apr. 2, 2004); *Interscope Records. v. Does 1-4*,

18 No. CV-04-131 TUC-JM (D. Ariz. Mar. 25, 2004); *UMG*, 2008 WL 2949427.[3]

19

---

20  [2]     As there is no Westlaw or LEXIS citation available for these orders, plaintiffs attached them
     as Exhibits to their Memorandum in Support of the Mot.  *See* Mem.

21
     [3]     In addition to these Ninth Circuit cases, *see also Arista Records LLC v. Does 1-19*,
22  No. CIV.A. 07-1649 CKK, slip op., 2008 WL 1883439 (D. D.C. Apr. 28, 2008); *Fonovisa, Inc. v.
     Does 1-9*, No. CIV. A. 07-1515, slip op., 2008 WL 919701, *1 (W.D. Pa. Apr. 3, 2008); *Arista*
23  *Records LLC v. Does 1-7*, No. 3:08CV18 CDL, slip op., 2008 WL 542709, *1 (M.D. Ga. Feb. 25,
     2008); *Arista Records LLC v. Does 1-18*, No. 3:07-CV-481, slip op., 2008 WL 160777, *1 (E.D.
24  Tenn. Jan. 15, 2008); *Zomba Recording LLC v. Does 1-24*, No. 3:07 CV 448, slip op., 2008 WL
     123839, *1 (E.D. Tenn. Jan. 10, 2008); *Warner Bros. Records, Inc. v. Does 1-6*, 527 F.Supp.2d 1, 1
25  (D. D.C. 2007); *UMG Recordings, Inc. v. Does 1-24*, No. 4:07-CV-01889 CEJ, 2007 WL 4205768,
     *1 (E.D. Mo. Nov. 26, 2007) (unreported); *Arista Records, LLC v. Does 1-4*, No. 1:07-CV-1115,
26  2007 WL 4178641, *1, *3 (W.D. Mich. Nov. 20, 2007) (unreported); *Arista Records LLC*, No. CIV
     07 568 R, slip op., 2007 WL 5030732, *1 (W.D. Okla. Nov. 14, 2007); *Interscope Records v. Does*
27  *1-14*, Civ. A. No. 07-4107, slip op., 2007 WL 2900210, *1 (D. Kan. Oct. 1, 2007); *LaFace Records,*
     *LLC v. Does 1-5*, No. 2:07-CV-187, slip op., 2007 WL 2867351, *1 (W.D. Mich. Sep. 27, 2007),
28  *motion to vacate denied by* No. 2:07-CV-187, 2008 WL 513508 (W.D. Mich. Feb. 22, 2008);
     *Virgin Records Am., Inc. v. Does 1-33*, No. 3:07-CV-235, slip op., 2007 WL 3145838, *1 (E.D.

1                                    **ANALYSIS**

2  **I.      Good cause exists for leave to conduct expedited discovery.**

3          Good cause exists where the need for expedited discovery, in consideration of the

4  administration of justice, outweighs the prejudice to the responding party. *Semitool, Inc.*, 208

5  F.R.D. at 276.  In this Internet infringement case, plaintiffs plead the three elements required to

6  show good cause for expedited discovery.  First, they make a prima facie showing of infringement.

7  To establish copyright infringement, under 17 U.S.C. § 101 *et seq.*, two elements must be proven:

8  (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are

9  original. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Here, plaintiffs allege

10  they own valid copyrights in original musical works, and provide lists showing defendant has

11  distributed them as data files over the Internet, without their permission, some of which they copied

12  off defendant's computer. *See* 17 U.S.C. 106(3) (a copyright owner has the exclusive right to

13  distribute copies of a copyrighted work to the public).  Thus, plaintiffs have shown the first element

14  of good cause for expedited discovery in an Internet infringement action.

15          Second, plaintiffs cannot identify defendant, known only by its IP address, other than by a

16  Rule 45 subpoena issued to UCB, to examine its ISP logs.  Although plaintiffs were able to access

17  defendant's computer to download files, via a P2P system, this system does not allow plaintiffs to

18  access defendant's computer to obtain identifying information other than an IP address, unless

19  defendant has set it up to do so, which is not the case here. *See* Coggins Decl.  Nor does a P2P

20  system allow plaintiffs to upload a file onto defendant's computer, to communicate with it, or

21

22

23

24
Tenn., Oct. 24, 2007); *Warner Bros. Records Inc. v. Does 1-4*, No. 2:07-cv-424, slip op., 2007 WL
25  1960602, *1 (D. Utah July 5, 2007); *Warner Bros. Records, Inc. v. Does 1-20*, No. 07-cv-1131, slip
op., 2007 WL 1655365, *1 (D. Colo. June 5, 2007); *Arista Records LLC v. Does 1-9*, No. CIVA 07
26  CV 00628 EWN MEH, 2007 WL 1059049, *1, (D. Colo. Apr. 4, 2007) (unreported); *Interscope
Records v. Does*, No. CIVA06CV00352WDMPAC, slip op., 2006 WL 1351876, *1 (D. Colo.
27  Mar. 13, 2006); *New Line Prod., Inc. v. Does 1-9*, No. CIV A05CV1876 WDM PAC, 2005 WL
4163625, *1 (D. Colo. Dec. 6, 2005) (unreported); *Arista Records LLC v. Does 1-20*, No.05 CV
28  2144 WDM PAC, 2005 SWL 3776346, *1 (D. Colo. Nov. 7, 2005) (unreported); *Qwest Commc'n
Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

1   provide notice of infringement or suit.[4] *See id.*  Thus, plaintiffs have shown the second element of

2   good cause for expedited discovery in an Internet infringement action.

3   ///

4          Third and last, plaintiffs have alleged there is a risk UCB could destroy these logs, absent

5   expedited discovery.  Thus, plaintiffs have shown the third element of good cause for expedited

6   discovery in an Internet infringement action.

7          As such, the Court finds the need for expedited discovery, in consideration of the

8   administration of justice, outweighs the prejudice to defendant.  Looking first at "the administration

9   of justice," without expedited discovery, plaintiffs absolutely cannot identify defendant, which

10  means this matter cannot proceed forward, and plaintiffs will continue to suffer ongoing, continuous

11  injury due to defendant's illegal activities.  Looking at the prejudice to defendant, there is none, as

12  plaintiffs' request is extremely narrow, seeking only to identify defendant's contact information in

13  order to advise it of suit, and possibly resolve this matter without additional litigation.  Further,

14  plaintiffs and the Court have provided protective measures, as discussed below in the Conclusion

15  section, to avoid undue prejudice to defendant and protect its privacy.  Thus, because the need for

16  expedited discovery, in consideration of the administration of justice, outweighs the prejudice to

17  defendant, the Court GRANTS plaintiffs' Motion.

18                               **CONCLUSION**

19         ACCORDINGLY, the Court GRANTS with modifications, plaintiffs' Motion for Leave to

20  Take Immediate Discovery [Docket No. 4].  Specifically:

21         **(1)**    **The Subpoena**

22            (a)    Plaintiffs may immediately serve a subpoena pursuant to Federal Rule of

23  Civil Procedure 45 on UCB to obtain the name, current and permanent addresses, telephone

24  numbers, e-mail addresses, and MAC addresses for defendant or similar information suitable to

25  identify defendant (the "Identifying Information");

26

27      [4]    As discussed above, a P2P network allows a person to search for a file on computers on a

28  P2P network, and download those files.  *See supra* note 1.  It does not, however, allow a person to
upload a file to another specific computer.  Coggins Decl. ¶ 4.

8

1          (b)      Plaintiffs must serve on UCB a copy of this Order attached to the subpoena;

2          (c)      The subpoena may only request information identifying the user of IP address

3 169.229.97.232, on November 9, 2007, at 02:14:09 EST, Compl., Ex. "A."

4          **(2)     Identification and Service on Student**

5          UCB shall reasonably attempt to identify defendant within five days of service of the

6 subpoena, and in that five-day period serve defendant with a copy of the subpoena and this Order.

7          **(3)     Majority Verification**

8          As a threshold matter, UCB shall determine, within five days of service of the subpoena,

9 whether defendant was 18 years of age or older on November 9, 2007 at 02:14:09 EST.  If defendant

10 was under 18 years of age at this time, UCB shall immediately notify the student and plaintiffs of its

11 determination.  Plaintiffs shall then immediately withdraw their subpoena, and notify the Court of

12 this fact.  Plaintiffs, if they wish, may then file an ex parte motion addressing California's privacy

13 laws governing the records of minors held by public entities.  UCB shall not comply with the

14 withdrawn subpoena.

15          **(4)     Motions to Quash or Other Objections**

16          UCB shall have 20 days from service of the subpoena, to move to quash or otherwise object

17 to the subpoena.  Defendant shall have 15 days from service of the subpoena on him or her, to move

18 to quash or otherwise object to the subpoena.  If neither UCB nor defendant so moves or objects

19 within these time periods, UCB shall serve the Identifying Information on plaintiffs within 25 days

20 after UCB served the subpoena on defendant.

21          Notwithstanding the preceding paragraph, after 20 days from service on the subpoena on it,

22 UCB may move to quash or otherwise object to the subpoena to the extent provided by the Federal

23 Rules of Civil Procedure.  Likewise, after 15 days from service of the subpoena on him or her,

24 defendant may move to quash or otherwise object to the subpoena to the extent provided by the

25 Federal Rules of Civil Procedure.

26          If any motions are brought to quash or otherwise objecting to the subpoena, UCB shall

27 preserve the Identifying Information pending resolution of such motions.

28          **(5)     Scope of Use of the Identifying Information**

9

1    Any information disclosed to plaintiffs in response to the subpoena may be used by them

2    solely for the purpose of protecting their rights under the Copyright Act, 17 U.S.C. § 101 *et seq*.

3    ///

4    ///

5    ///

6    ///

7    Any such information filed with this Court shall conform to Federal Rule of Civil Procedure 5.2 and

8    Civil Local Rule 3-17.

9

10    IT IS SO ORDERED.

11    9/2/08                                            _Saundra B Armstrong_____
                                                        Saundra Brown Armstrong
12                                                      United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10